J-S18007-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MARK BETHUNE | : | |
| Appellant | : | No. 1529 MDA 2025 |

Appeal from the PCRA Order Entered October 8, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000623-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MARK BETHUNE | : | |
| Appellant | : | No. 1530 MDA 2025 |

Appeal from the PCRA Order Entered October 8, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005058-2021

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED: AUGUST 14, 2026**

Appellant, Mark Bethune, appeals *pro se* from the October 8, 2025 order entered by the Dauphin County Court of Common Pleas dismissing his first Post Conviction Relief Act[1] ("PCRA") petition, following the court's grant of counsel's motion to withdraw. After careful review, we affirm.

---

[1] 42 Pa.C.S.§§ 9541-46.

The following are the relevant facts, as set forth by this Court on direct appeal:

> On August 5, 2021, Kassandra Jimenez (Jimenez) and Darrious Neville (Neville) sat at a table inside Bill's Café in Harrisburg, Pennsylvania. Appellant entered the café and cut Neville on the side of the neck with an unidentified sharp object. When Jimenez and Neville began to chase Appellant, Appellant turned and cut Jimenez on the forehead before fleeing the scene. Neville drove himself and Jimenez to the hospital for treatment. Both required sutures.

*Commonwealth v. Bethune*, 2024 WL 3025906, *2 (Pa. Super. filed June 17, 2024) (footnote omitted).

Following a February 2023 trial, a jury convicted Appellant of Attempted Homicide and Aggravated Assault based upon Appellant's attack on Neville at Docket No. 623 CR 2022 and of Aggravated Assault and Simple Assault relating to Jimenez at Docket No. 5058 CR 2021. The court sentenced Appellant to 20 to 40 years of incarceration for Attempted Homicide of Neville and a consecutive term of 6 to 12 years of incarceration for the Aggravated Assault of Jimenez, imposing no further penalty for the other charges. Relevantly, the court also imposed the costs of prosecution, but no fine, at each docket.

On direct appeal, Appellant challenged the sufficiency of the evidence for specific intent to kill Neville and for intent to cause serious bodily injury to Jimenez. This Court rejected Appellant's claims, concluding that sufficient evidence existed in the record to sustain his convictions. *Id.* at *7-*9. The Supreme Court denied Appellant's petition for allowance of appeal on

November 26, 2024. ***Commonwealth v. Bethune***, 330 A.3d 393 (Pa. 2024). As Appellant did not seek review in the United States Supreme Court, his sentence became final on February 24, 2025. ***See*** 42 Pa.C.S. § 9545(b); U.S. Sup. Ct. R. 13(1) (providing 90 days for the filing for a writ of certiorari).

Appellant timely filed *pro se* a PCRA petition on July 3, 2025, within one year of his sentence being final. He alleged ineffective assistance of counsel for failing to (1) petition pretrial for a writ of *habeas corpus*, challenging the sufficiency of the evidence for Attempted Homicide and Aggravated Assault; (2) seek the exclusion of photographs of the injuries; (3) object to the Commonwealth's closing statements and assert prosecutorial misconduct. Appellant also argued that the trial court violated his due process rights in imposing costs and fines without assessing his ability to pay.

The PCRA court appointed Attorney Kristen Weisenberger as counsel. After review, Attorney Weisenberger filed a ***Turner***/***Finley***[2] letter and an application to withdraw as counsel.

On September 3, 2025, the court provided Appellant with a Pa.R.A.P. 907 notice of intent to dismiss the PCRA petition and granted counsel's motion to withdraw. After Appellant responded, the court dismissed the PCRA petition on October 8, 2025.

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant filed timely notices of appeal at each docket, which this Court consolidated *sua sponte*. The PCRA court filed a Pa.R.A.P. 1925(a) opinion, without requesting a Rule 1925(b) statement.

Appellant raises the following issues on appeal:

A) Did the P.C.R.A. court err in denying Appellant post[-]conviction relief for ineffective assistance of counsel due to trial counsel's failure to file a pretrial petition for []writ of *habeas corpus* in order to challenge the sufficiency of the Commonwealth's evidence as well as the *prima facie* finding to sustain the charges of Attempted Homicide, Aggravated Assault Resulting in "Serious Bodily Injury" at Docket CR-623-2022, and Aggravated Assault Resulting, Causing, or Attempting to Cause "Serious Bodily Injury" at Docket CR-5058-2021 in violation of Appellant's Fifth, Sixth, and Fourteenth Amendment right[s] of the U.S. Constitution, as well as Article I, § 9 of the Pennsylvania Constitution?

B) Did the P.C.R.A. court err in denying Appellant post[-]conviction relief for ineffective assistance of counsel due to trial counsel's failure to file a pretrial motion *in limine* to exclude colored, graphic photograph[s] of victims['] injuries in order to avoid prejudice by the jury towards the defendant at Docket[s] CR-623-2022, and CR-5058-2021 in violation of Appellant's Sixth Amendment right of the U.S. Constitution, as well as Article I, § 9 of the Pennsylvania Constitution?

C) Did the P.C.R.A. court err in denying Appellant post[-]conviction relief for trial counsel's failure to object to specific prejudicial closing statement[s] made by the prosecution thereby preventing the rendering of a true verdict at Docket[s] CR-623-2022[] and CR-5058-2021 in violation of Appellant's Fifth, Sixth, and Fourteenth Amendment right[s] of the U.S. Constitution, as well as Article I, § 9 of the Pennsylvania Constitution?

D) Did the P.C.R.A. court err in denying Appellant post[-]conviction relief for appellate counsel's failure to raise prosecutorial misconduct issue on prosecution's closing statement[s] which were objected to by trial counsel, and thereby preserved for appeal at Docket[s] CR-623-2022, and

CR-5058-2021 in violation of Appellant's Fifth, Sixth, and Fourteenth Amendment right[s] of the U.S. Constitution, as well as Article I, § 9 of the Pennsylvania Constitution?

E) Did the P.C.R.A. court err in denying Appellant post[-]conviction relief for trial judge['s] failure to inquire about the defendant's ability to pay court cost before sentencing the defendant to pay court cost at Docket[s] CR-623-2022, and CR-5058-2021 in violation of Appellant's Fifth[] and Fourteenth Amendment Right[s] of the U.S. Constitution, as well as Article I, § 9 of the Pennsylvania Constitution[] and Pennsylvania Criminal Statute 42 Pa. C.S.[ § ]9726?

Appellant's Br. at 5-6 (some capitalization and formatting altered; issues reordered).

This Court reviews the dismissal of a PCRA petition to determine whether the record supports the court's determination and whether its order is otherwise free of legal error. *See Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). While we review the PCRA court's legal conclusions *de novo*, we defer to the court's credibility determinations and factual findings if supported by the record. *Commonwealth v. Pacheco*, 340 A.3d 1038, 1041 (Pa. Super. 2025). Our "scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Reaves*, 923 A.2d 1119, 1124 (Pa. 2007) (citation omitted).

A petitioner may obtain relief under the PCRA by pleading and proving, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors or defects including "[i]neffective assistance of counsel which . . . so undermined the truth-determining process

- 5 -

that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). To succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate that (1) the underlying claim has arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015).

"A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. The ultimate question of whether facts rise to the level of arguable merit is a legal determination." *Pacheco*, 340 A.3d at 1042 (citation omitted). Regarding reasonable basis, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." *Id.* (citation omitted). "To establish the prejudice prong, the petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness." *Commonwealth v. Busanet*, 54 A.3d 35, 46 (Pa. 2012).

As we presume counsel provided effective representation, Appellant bears the burden of proving all three prongs, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009). Moreover, as Appellant "alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the

three prongs of ineffectiveness relevant to each layer of representation." ***Commonwealth v. Parrish***, 273 A.3d 989, 1004 n.11 (Pa. 2022).

In his first issue, Appellant asserts that his trial counsel was ineffective for failing to file for a writ of *habeas corpus* based upon the insufficiency of the evidence. Appellant's Br. at 14-22. Specifically, he contends that the Commonwealth failed to establish a *prima facie* case at the preliminary hearing by relying solely on hearsay evidence and that it failed to demonstrate that Neville or Jimenez suffered serious bodily injury or that Appellant had the requisite intent to commit attempted murder or aggravated assault. ***Id.***

We reject Appellant's claim as he cannot establish prejudice based upon counsel's failure to file for a writ of *habeas corpus* following the preliminary hearing; rather, "[o]nce a defendant has gone to trial and has been found guilty of the crime or crimes charged, [] any defect in the preliminary hearing is rendered immaterial." ***Commonwealth v. Kakhankham***, 132 A.3d 986, 996 (Pa. Super. 2015) (citation omitted). Accordingly, this issue warrants no relief.

In his second issue, Appellant claims that his trial counsel was ineffective in failing to seek a motion *in limine* to exclude the color photographs of the victims' wounds, which he claims were "too visually gruesome" for the jury to "weigh the evidence in a neutral manner." Appellant's Br. at 22.

Courts utilize the following two-step test for assessing the admissibility of photographs: "First, the court must decide whether a photograph is inflammatory by its very nature. If the photograph is deemed inflammatory,

the court must determine whether the essential evidentiary value of the photograph outweighs the likelihood that the photograph will improperly inflame the minds and passions of the jury." **Commonwealth v. Sanchez**, 36 A.3d 24, 49 (Pa. 2011) (citation omitted). The admissibility of evidence is within the discretion of the trial court. **Id.** at 48.

The PCRA court rejected Appellant's ineffectiveness claim finding that Appellant did not suffer prejudice due to counsel's failure to object to the photographs; rather, the court opined that it would have admitted the photographs even if counsel had objected. PCRA Ct. Op. at 5-6. Applying the two-part test, the court first concluded that the photographs were not inflammatory, as they merely depicted the injuries sustained. **Id.** at 6. Moreover, the court emphasized that the photographs were relevant to respond to Appellant's contentions that the victims did not suffer serious bodily injury. We agree with the court's conclusion that "trial counsel was not ineffective for failing to object to the admission of [the] photographs." **Id.**

In his next two issues, Appellant argues that his trial and appellate counsel were ineffective regarding alleged prosecutorial misconduct. Appellant first asserts that his trial counsel was ineffective for failing to object to the entirety of the prosecution's closing statement, without specifying which portion was objectionable. Appellant's Br. at 23 (citing N.T., 2/2/23, at 212-235). Rather, he baldly claims that the unidentified statements involved "personal assertion[s] of the defendant's guilt" that prejudiced Appellant such that a "true verdict could not be rendered[.]" **Id.**

- 8 -

Second, Appellant asserts that his appellate counsel was ineffective in failing to raise on direct appeal a claim of prosecutorial misconduct based upon a portion of the closing statements to which trial counsel objected at trial. Appellant's Br. at 24-25 (referencing N.T., 2/2/23, at 215, 217). While citing specific portions of the statement, Appellant does not describe the prosecutor's comments or apply the facts to the law.[3] Moreover, he fails to analyze the three prongs of ineffectiveness of counsel, only briefly arguing that the "[p]rosecution's statement[s] were intended to prejudice the jury, and did prejudice the jury[.]" *Id.* at 25.

Although we "may liberally construe materials filed by a *pro se* litigant," it is not the role of this Court to "develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument." *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014); *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). Rather, "the failure to develop an adequate argument in an appellate brief may result in waiver of the claim" under Pa. R.A.P. 2119. *Milby*, 189 A.3d at 1079 (citation omitted). In the

---

[3] We observe that the cited portions recount the prosecutor responding to defense counsel's argument that Neville did not testify at trial because "it wasn't a big deal." N.T., 2/2/23, at 215. The prosecutor offered "other reasons why somebody might not come to trial[,]" suggesting that Neville could have been "intimidated" or "threatened[.]" *Id.* The second cited portion includes the prosecutor playing portions of a video which she described as depicting Appellant "laughing about the prospect of people showing up to court to testify against him." *Id.* at 217. The PCRA court found that the statements did not amount to prosecutorial misconduct but rather were a fair response to defense counsel's commentary on Neville's absence at trial. PCRA Ct. Op. at 6-7 (citing N.T., 2/2/23, at 202-206).

absence of argument identifying the allegedly offending statements and applying the three-prong test, we conclude that Appellant waived his ineffectiveness of counsel claims relating to prosecutorial misconduct.

In his final issue, Appellant claims that the trial court erred in imposing court costs on Appellant at both dockets, without first determining his ability to pay. Appellant's Br. at 25-26. In so doing, Appellant cites the following provision addressing fines, rather than costs:

> The court shall not sentence a defendant to pay a fine unless it appears of record that: (1) the defendant is or will be able to pay the fine; and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.

42 Pa.C.S. § 9726(c). We agree with the trial court that this provision is inapplicable to Appellant's sentence which imposed costs rather than fines. PCRA Ct. Op. at 7-8. The PCRA court emphasized that the imposition of costs is mandatory under 42 Pa.C.S. § 9721(c.1). Accordingly, this issue warrants no relief.

As we reject each of Appellant's arguments, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 08/14/2026